IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FRANCISCA N. MARTINEZ, individually and in )
her official capacity as Personal Representative )
of the Estate of JOSIAH C. SAWNEY, deceased; )
*et al.*, )
)
     Plaintiffs, )
)
v. ) Case No. CIV-2021-84-TDD
)
SEQUOYAH COUNTY CRIMINAL JUSTICE )
AUTHORITY; *et al.*, )
)
     Defendants. )

---

**DEFENDANTS SEQUOYAH COUNTY CRIMINAL
JUSTICE AUTHORITY, SEQUOYAH COUNTY JAIL,
BOARD OF COUNTY COMMISSIONERS OF SEQUOYAH COUNTY,
LARRY LANE, SEQUOYAH COUNTY SHERIFF, IN HIS OFFICIAL
CAPACITY, AND SEQUOYAH COUNTY SHERIFF'S DEPARTMENT'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

---

Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: jcw@czwlaw.com

*Attorney for Defendants Sequoyah County
Criminal Justice Authority; Sequoyah
County Jail; Board of County
Commissioners of Sequoyah County,
Oklahoma; Larry Lane, Sequoyah County
Sheriff, in his official capacity; and
Sequoyah County Sheriff's Department*

June 3, 2021

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF CONTENTS ............................................................................................ i

TABLE OF AUTHORITIES .............................................................................. ii - vii

LIST OF EXHIBITS ....................................................................................... viii

STANDARD OF REVIEW ................................................................................... 1

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2

PROPOSITION I:   Francisca N. Martinez, Individually, Josiah J. Sawney,
                          Angelo Sawney, Frankie Sawney, and Logan Sawney
                          Lack Standing to Bring Suit ............................................ 4

PROPOSITION II:    The Sequoyah County Jail and the Sequoyah County
                          Sheriff's Department are Not Legal Entities Subject to Suit .......... 6

PROPOSITION III: Plaintiffs' Claims Against the Defendant Board are
                          Unnecessarily Duplicative of Their Claims Against
                          Defendant Sheriff Lane in His Official Capacity ........................... 7

PROPOSITION IV: Plaintiffs Have Failed to State a 42 U.S.C. §1983 Claim
                          For Governmental Liability Which is Plausible On its Face ........ 12

PROPOSITION V: Plaintiffs Have Failed to Comply with the Notice and Filing
                          Provisions of the Oklahoma Governmental Tort Claims Act ....... 20

PROPOSITION VI: The Defendants Justice Authority, Board, and Sheriff
                          are Immune from Suit for Plaintiff's State Law Claims ............... 23

COMPLIANCE WITH LOCAL RULE 7.1(O) ............................................................ 24

- i -

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                  **PAGE**

*Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256 (3d Cir. 2007)............ 18-20

*Archuleta v. McShan*, 897 F.2d 495 (10th Cir. 1990) ...................................................................... 4

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ............................................................................... 17-20

*Basso v. Utah Power & Light Co.*, 495 F.2d 906 (10th Cir. 1974) ................................................. 2

*Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005)......................................................................... 2

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......... 2, 3

*Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ........................................ 18

*Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990)........................................................... 4

*Bowens v. Board of County Commissioners of Custer County, Oklahoma*,
No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020) ...................................... 11

*Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) ........................................ 9

*Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*,
No. 15-CV-473-GKF-PJC, 2016 WL 633374, *5 (N.D. Okla. Feb. 17, 2016).......................... 11

*Buchwald v. University of N.M. Sch. Of Med.*, 159 F.3d 487 (10th Cir. 1998).............................. 4

*Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir.2001) ...................................................... 13

*Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188 (10th Cir. 2009) ......................... 3

*City of Los Angeles v. Heller*, 475 U.S. 796, (1986).................................................................... 13

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................................... 2

*Cruse v. Atoka County Board of Commissioners*, 910 P.2d 998 (Okla. 1995)............................ 22

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992)........................................................................... 7

*Dohaish v. Tooley*, 670 F.2d 934 (10th Cir. 1982)......................................................................... 4

*Econ. Fire & Cas. Co. v. Faulkner*, 790 F. Supp. 1082 (W.D. Okla. 1991) *aff'd*, 951 F.2d 1258 (10th Cir. 1991) ........................................... 20

*Estate of Crowell v. Board of County Commissioners*, 237 P.3d 134 (Okla. 2010)............... 9, 10

*Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523(6th Cir.2002) .............. 13

*Farmer v. Brennan*, 511 U.S. 825 (1994) ................................................... 15

*Fenn v. City of Truth or Consequences*, 983 F.3d 1143 (10 Cir. 2020) ...................... 13

*Fuller v. Odom*, 741 P.2d 449 (Okla. 1987) ................................................ 20

*Gibson v. Copeland*, 13 P.3d 989 (Okla. Ct. App. 2000) .................................... 23

*Girdner v. Bd. of Comm'rs*, 227 P.3d 1111 (Okla. Civ. App. 2009) .......................... 22

*Goss v. Board of County Com'rs of Creek County*, No. 13-CV-0374-CVE-TLW, 2014 WL 4983856 (N.D. Okla. Oct. 6, 2014)........................... 10

*Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)..................... 18

*Hall v. Witteman*, 584 F.3d 859 (10th Cir. 2009) .......................................... 3

*Hale v. Hale*, 426 P.2d 681 (Okla. 1967).................................................. 5

*Haws v. Luethje*, 503 P.2d 871 (Okla.1972) ............................................... 20

*Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993).................................. 13

*Holt v. U.S.*, 46 F.3d 1000 (10th Cir. 1995)............................................... 2

*Horton v. State*, 915 P.2d 352 (Okla. 1996)............................................... 23

*Houston v. Reich*, 932 F.2d 883 (10th Cir.1991) .......................................... 9

*Hunt v. Uphoff*, 199 F.3d 1220 (10th Cir. 1999)........................................... 15

*Jantzen v. Bd. of County Comm'rs of Canadian County*, 188 F.3d 1247 (10th Cir. 1999)........... 9

*Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)................. 11

*Kinsley v. Hendrickson*, 576 U.S. 389 (2015).............................................. 18

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ........................... 2

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) ................ 3

*Lindsey v. Thompson*, 550 F.Supp.2d 1285 (E.D. Okla. 2006) ...................................... 6

*Livsey v. Salt Lake County*, 275 F.3d 952 (10th Cir. 2001) .......................................... 13

*Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157 (10th Cir. 2003) ..................................... 14

*Martinez v. Beggs*, 563 F.3d 1082 (10th Cir. 2009) ...................................... 16

*Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985) ...................................... 7

*Mata v. Saiz*, 427 F.3d 745 (10th Cir. 2005).......................................... 15, 16

*Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988)........................................ 8

*Medina v. State*, 871 P.2d 1379 (Okla. 1993) ........................................ 23, 24

*Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018,
56 L.Ed.2d 611 (1978) ........................................................ 7, 10, 11

*Motive Parts Warehouse v. Facet Enterprises*, 774 F.2d 380 (10th Cir. 1985) ........................... 4

*Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313 (10th Cir. 1998) ................................. 11

*Naumoff v. Old*, 167 F.Supp.2d 1250 (D. Kan. 2001) ...................................... 4

*Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272 (10th Cir. 2001) ................................. 15

*Pembaur v. City of Cincinnati,* 475, U.S. 469, 106 S.Ct. 1292,
89 L.Ed.2d 452 (1986) ........................................................ 9

*Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005) .......................................... 5

*Purvey v. State*, 905 P.2d 770 (Okla. 1995)........................................ 24

*Redding v. State*, 882 P.2d 61 (Okla. 1994)........................................ 24

*Revene v. Charles County Commissioners*, 882 F.2d 870 (4th Cir. 1989) ..................................... 7

*Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991)........................................ 7

*Salazar v. City of Oklahoma City*, 976 P.2d 1056 (Okla. 1999) ................................. 21

*Shanbour v. Hollingsworth*, 918 P.2d 73 (Okla. 1996) ................................. 22

*Spruill v. Gillis*, 372 F.3d 218 (3rd Cir. 2004)............................................................................ 16

*State v. Burris*, 894 P.2d 1122 (Okla. 1995)............................................................................... 24

*State, ex rel. Vore v. Wochrer*, 475 F.Supp. 274 (E.D. Mo. 1979)................................................ 7

*Taylor v. Comanche County Facilities Authority*
(Report and Recommendation in W.D. Okla. Case No. CIV-18-55-G) ...................................... 11

*Unah By & Through Unah v. Martin*, 1984 OK 2, 676 P.2d 1366................................................. 5

*United States v. Alcarez-Arellano*, 441 F.3d 1252 (10th Cir. 2006)............................................ 14

*United States v. Armstrong*, 517 U.S. 456 (1996) ....................................................................... 13

*Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*,
429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)................................................................... 14

*Villanueva v. Carere*, 85 F.3d 481 (10th Cir.1996) ..................................................................... 14

*Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006) ............................................................. 13

*Watson v. City of Kan. City*, 857 F.2d 690 (10th Cir.1988).......................................................... 11

*Wayte v. United States*, 470 U.S. 598,105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)............................ 13

*White v. Equity Fire & Cas. Co.*, 823 P.2d 953 (Okla. Civ. App. 1991)....................................... 20

*Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ................................... 15

## STATUTES

42 U.S.C. § 1983................................................................................................................... passim

42 U.S.C. §1988.......................................................................................................................... 4, 5

Okla. Stat. tit. 12, § 1053. ............................................................................................................. 5

Okla. Stat. tit. 12, § 1054. ............................................................................................................. 5

Okla. Stat. tit. 19, § 4 ................................................................................................................. 21

Okla. Stat. tit. 19, § 131 ................................................................................................................. 8

Okla. Stat. tit. 19, § 161 ........................................................................................ 21

Okla. Stat. tit. 19, § 513 .......................................................................................... 8

Okla. Stat. tit. 19, § 516 .......................................................................................... 8

Okla. Stat. tit. 51, § 547 .......................................................................................... 8

Okla. Stat. tit. 19, § 547(A) ..................................................................................... 8

Okla. Stat. tit. 51, § 152 .......................................................................................... 6

Okla. Stat. tit. 51, § 152(11) .................................................................................... 6

Okla. Stat. tit. 51, § 152(11)(c) and (d) .................................................................. 21

Okla. Stat. tit. 51, § 152.1(A) ................................................................................. 20

Okla. Stat. tit. 51, § 152.1(B) ................................................................................. 21

Okla. Stat. tit. 51, § 153(B) .................................................................................... 20

Okla. Stat. tit. 51, § 155 ........................................................................................ 23

Okla. Stat. tit. 51, § 155(25) ............................................................................. 23, 24

Okla. Stat. tit. 51, § 156 ........................................................................................ 22

Okla. Stat. tit. 51, § 156(B) .................................................................................... 21

Okla. Stat. tit. 51, § 157 .................................................................................... 21, 22

Okla. Stat. tit. 51, § 157(A) .................................................................................... 21

Okla. Stat. tit. 57, § 47 ............................................................................................ 8

Okla. Stat. tit. 57, § 52 ............................................................................................ 8

## **OTHER AUTHORITIES**

Okla. A.G. Opin. No. 79-98 ...................................................................................... 8

**RULES**

Fed. R. Civ. P. 7.1(O) ............................................................................................... 24

Fed. R. Civ. P. 8 ......................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 3

Fed. R. Civ. P. 11(b)(3) ............................................................................................. 25

Fed. R. Civ. P. 12(b)(6).................................................................... 1, 2, 3, 7, 10-12, 20, 23-25

Fed. R. Civ. P. 12(b)(1).......................................................................................... 1, 23, 25

Fed. R. Civ. P. 17(b)(3) ............................................................................................. 6

## <u>LIST OF EXHIBITS</u>

Exhibit 1      *Goss v. Board of County Com'rs of Creek County*, No. 13-CV-0374-CVE-TLW, 2014 WL 4983856 (N.D. Okla. Oct. 6, 2014)

Exhibit 2      *Bowens v. Board of County Commissioners of Custer County, Oklahoma*, No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020)(

Exhibit 3      *Taylor v. Comanche County Facilities Authority* (Report and Recommendation in W.D. Okla. Case No. CIV-18-55-G, p. 2 n.2)

Exhibit 4      *Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*, No. 15-CV-473-GKF-PJC, 2016 WL 633374, *5 (N.D. Okla. Feb. 17, 2016)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FRANCISCA N. MARTINEZ, individually and in )
her official capacity as Personal Representative )
of the Estate of JOSIAH C. SAWNEY, deceased; )
*et al*., )
)
                  Plaintiffs, )
)
v. )  Case No. CIV-2021-84-TDD
)
SEQUOYAH COUNTY CRIMINAL JUSTICE )
AUTHORITY; *et al*., )
)
                  Defendants. )

**DEFENDANTS SEQUOYAH COUNTY CRIMINAL
JUSTICE AUTHORITY, SEQUOYAH COUNTY JAIL,
BOARD OF COUNTY COMMISSIONERS OF SEQUOYAH COUNTY,
LARRY LANE, SEQUOYAH COUNTY SHERIFF, IN HIS OFFICIAL
CAPACITY, AND SEQUOYAH COUNTY SHERIFF'S DEPARTMENT'S
<u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

      Defendants Sequoyah County Criminal Justice Authority; Sequoyah County Jail; Board of

County Commissioners of Sequoyah County, Oklahoma; Larry Lane, Sequoyah County Sheriff,

in his official capacity; and Sequoyah County Sheriff's Department (collectively referred to herein

as "Defendants") submit this Motion to Dismiss the claims against them set forth in the Plaintiffs'

First Amended Complaint (Dkt. 4), pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject

matter jurisdiction and for failure to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

<u>**Fed. R. Civ. P. 12(b)(1)**</u>

      Motions to dismiss under Rule 12(b)(1) generally take one of two forms – 1) an attack on

the sufficiency of the allegations to make out subject matter jurisdiction on the face of the

complaint; or 2) an attack on the underlying facts upon which subject matter jurisdiction is

allegedly predicated. S*ee Holt v. U.S.*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id*. at 1002.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 906 (10th Cir. 1974).   Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. *Id*.

## Fed. R. Civ. P. 12(b)(6)

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff.  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965.  The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted).   "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted).  A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to

relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly* 127 S.Ct. at 1964-65).

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), *citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* Court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id*. at 1950. *See also* Fed. R. Civ. P. 8(a)(2). Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 1949-50. Rather, a plaintiff must allege enough factual matter that, taken as true, suggest the legal conclusion plaintiff asserts. *Id.* at 1950 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be

dismissed)).  While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

## PROPOSITION I:

### Francisca N. Martinez, Individually, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney Lack Standing to Bring Suit

Standing is a jurisdictional issue which cannot be waived and may be raised at any time in the judicial process. *See Buchwald v. University of N.M. Sch. Of Med.*, 159 F.3d 487, 492 (10th Cir. 1998). Whether a plaintiff has standing to bring a cause of action is a question of law for the Court to determine. *Motive Parts Warehouse v. Facet Enterprises*, 774 F.2d 380, 389 (10th Cir. 1985).

The Plaintiffs Francisca N. Martinez, individually, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney's purported 42 U.S.C. § 1983 claims against the Defendants in this case are premised upon alleged violations of the Decedent Josiah C. Sawney's constitutional rights, not their own. (*See* Dkt. 4).  However, a § 1983 civil rights action is a personal suit; it does not accrue to a relative of the deceased. *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *Naumoff v. Old*, 167 F.Supp.2d 1250, 1252 (D. Kan. 2001).

The proper federal remedy in a § 1983 death cases is a survival action brought by the estate of the decedent. In *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990), the Tenth Circuit Court of Appeals examined the issue of who may recover in a §1983 action in which death has occurred. In that case, the widow of an inmate who was killed by fellow inmates brought a civil rights action against the city.  The widow was the duly appointed administratrix of the deceased inmate's estate.  After concluding that Oklahoma's statutory state survival and wrongful death

actions do not satisfy the criteria of 42 U.S.C. §1988 for borrowing state law, the court in *Berry* determined that a federal death remedy must be fashioned to be applied to §1983 death cases. *Id.* at 1506.  The Court then held that "[t]he remedy should be a survival action, **brought by the estate of the deceased victim**, in accord with §1983's express statement that the liability is 'to the party injured.'" *Id.* (emphasis added).

Likewise, these Plaintiffs on also not proper parties and have no standing to bring the state law wrongful death claim which has been asserted against the Defendants. The only parties who can bring claims under Oklahoma's wrongful death statute are the personal representative of the decedent's estate, or, when no representative has been appointed, the surviving spouse or next of kin when there is no surviving spouse. *See* Okla. Stat. tit. 12, §§ 1053 and 1054.  Furthermore, in *Hale v. Hale*, 426 P.2d 681, 683 (Okla. 1967) (*overruled on other grounds by Unah By & Through Unah v. Martin*, 1984 OK 2, 676 P.2d 1366), the Oklahoma Supreme Court emphasized the differences between actions under Oklahoma's survival statute and actions under Oklahoma's wrongful death statute and made it clear that survival actions are brought on behalf of the decedent's estate.

Here, a personal representative of the estate of the decedent has been appointed and is a named Plaintiff in this action. (Dkt. 4, ¶ 1). As such, Plaintiffs Francisca N. Martinez, individually, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney lack standing to prosecute the purported 42 U.S.C. § 1983 and state law claims against the Defendants, and should be dismissed as party plaintiffs herein.

Moreover, Josiah J. Sawney's purported § 1983 claims against the Defendants are untimely and are barred by Oklahoma's two-year statute of limitations for such claims. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). Likewise, any purported state law claims asserted on behalf

of Josiah J. Sawney are also barred by the due to his failure to comply with the notice and filing provisions of the OGTCA as discussed further below.

## PROPOSITION II:

### The Sequoyah County Jail and the Sequoyah County
### Sheriff's Department Are Not Legal Entities Subject to Suit

Plaintiffs' Complaint asserts claims under both federal and state law. Oklahoma legal authority is clearly applicable to Plaintiffs' state law claims. Additionally, Oklahoma legal authority is applicable to Plaintiffs' federal claims, with respect to the Defendants' capacity to be sued. Specifically, Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that a defendant's capacity to sue or be sued is determined "by the law of the state where the court is located..." Accordingly, Oklahoma authority would apply, in considering whether Plaintiffs have named a proper party defendant.

Under Oklahoma law, the Sequoyah County Jail and the Sequoyah County Sheriff's Department do not enjoy a separate legal existence from Sequoyah County. *See* Okla. Stat. tit. 51, § 152. Defining those governmental entities that may bear liability under the Oklahoma Governmental Tort Claims Act ("OGTCA"), the statute defines "political subdivision" to include a county. Okla. Stat. tit. 51, §152(11)(c). However, the OGTCA definition of a political subdivision does not include any other county office or department, and courts have consistently and expressly ruled that such offices and departments, such as a sheriff's department or jail, are not legal entities subject to suit. *See Lindsey v. Thompson*, 550 F.Supp.2d 1285, 1289 (E.D. Okla. 2006) (holding that the Carter County Sheriff's Department is not a suable legal entity).  As such, the Sequoyah County Jail and the Sequoyah County Sheriff's Department, like any other office, department, or facility of Sequoyah County, may not be sued under 42 U.S.C. § 1983 or state law

because they lack legal identity apart from Sequoyah County. As the court in *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) stated:

> The district court correctly dismissed Dean's claim against the Jefferson County Sheriff's Department. We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983. In so concluding, we reject Dean's reliance on *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978), where the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom §§ 1983 applies." The question here is not whether the Jefferson County Sheriff's Department is a "person" for the purposes of liability under <u>Monell</u> and section 1983, but whether the Department is a legal entity subject to suit.

*Id.* at 1214. *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985); *State, ex rel. Vore v. Wochrer*, 475 F.Supp. 274, 280 (E.D. Mo. 1979). Accordingly, all claims against Defendants Sequoyah County Jail and the Sequoyah County Sheriff's Department should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## PROPOSITION III:

### <u>Plaintiffs' Claims Against the Defendant Board are Unnecessarily<br>Duplicative of Their Claims Against Defendant Sheriff Lane in His Official Capacity</u>

Plaintiffs have asserted 42 U.S.C. § 1983 claims against the Defendant Board regarding the operation of the Sequoyah County Sheriff's Office. Specifically, Plaintiff alleges discrimination and racial profiling by a Sheriff's Officer deputy and violations of Mr. Sawney's constitutional right of access to adequate medical care and excessive force against Mr. Sawney while he was detained in the Sequoyah County jail. However, the Defendant Board is not a proper party to such claims. For the purposes of attempting to establish governmental liability under § 1983, the proper party defendant to Plaintiff's is the Sheriff of Sequoyah County in his official capacity who Plaintiffs are already suing herein.

In that regard, Plaintiffs cannot establish governmental liability against the Defendant Board as a matter of law because the Board does not have any final policy-making authority regarding the operation of the Sequoyah County Sheriff's Office or the Sequoyah County jail under Oklahoma law. Under Oklahoma law, the county sheriff is the official charged with final policy-making authority regarding the operations of the county jail and the Sheriff's Office. Pursuant to the Oklahoma Statutes, the sheriff is an independently elected county official and is the chief law enforcement official of said county. Okla. Stat. tit. 19, §§ 131 and 516; *see also* Okla. A.G. Opin. No. 79-98. Pursuant to Okla. Stat. tit. 19, § 513, the sheriff is charged with the custody of the county jail and its prisoners. Additionally, pursuant to Okla. Stat. tit. 19, § 547, the sheriff is responsible for the official acts of his undersheriff and deputy sheriffs. Pursuant to Okla. Stat. tit. 57, § 47, "[t]he sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein…" Furthermore, pursuant to Okla. Stat. tit. 57, § 52, "[i]t shall be the duty of the sheriff of each county to provide bed clothing, washing, board and **medical care** when required, and all necessities for the comfort and welfare of prisoners…" (Emphasis added). Thus, under Oklahoma law, the sheriff is the official with final policy-making authority regarding the operation of the Sheriff's Office, and the county jail and the provision of medical care to county prisoners.

*Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) involved the alleged beating of a county jail inmate by sheriff's deputies. In *Meade*, the Tenth Circuit confirmed that a board of county commissioners cannot be held liable under § 1983 for a deputy's alleged use of force. The Court relied on Okla. Stat. tit. 19, §§ 513 and 547(A) for the proposition that "[u]nder Oklahoma law, a sheriff is responsible for the proper management of the jail in his county and the conduct of his deputies.' *Id*. at 1528. In holding that the board of county commissioners could not be held liable

under § 1983, the Court stated that "[u]nder Oklahoma law, the Board has no statutory duty to hire,

train, supervise, or discipline the county sheriffs or their deputies." *Id*. The Court further held that

"[c]onsequently, unless the Commissioners voluntarily undertook responsibility for hiring or

supervising county law enforcement officers, which is not alleged, they were not 'affirmatively

linked' with the alleged acts." *Id*.

Likewise, in *Jantzen v. Bd. of County Comm'rs of Canadian County*, 188 F.3d 1247, 1259

(10th Cir. 1999), the Tenth Circuit specifically held that the defendant board of county

commissioners may not be held liable for violating §1983 due to the actions of a governmental

official in his official capacity absent a showing that said official was executing an unconstitutional

policy or custom of the board itself. In so holding, the court in *Jantzen* rejected the appellants'

argument that the sheriff in his official capacity is essentially the same entity as the board with

regard to liability under §1983.

> Appellants, citing *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 83
> L.Ed.2d 878 (1985), argue that the Board should be held liable because [Sheriff]
> Hawkins in his official capacity "is essentially the same entity as the Board."
> **However, a municipality cannot be liable under § 1983 for acts of a municipal
> official in his official capacity "unless that official possesses final policymaking
> authority to establish municipal policy with respect to acts in question**."
> *Houston v. Reich*, 932 F.2d 883, 887 (10th Cir.1991) (citing *Pembaur v. City of
> Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

*Id*. (emphasis added). The court further reasoned that "[t]he Sheriff was popularly elected by the

people of Canadian County, and he fired the Appellants. The Sheriff neither reports to, nor is

controlled by, the Board, and thus there is no basis in this case by which the Board could be held

liable for such allegedly unlawful terminations." *Id*.

Additionally, in *Estate of Crowell v. Board of County Commissioners*, 237 P.3d 134 (Okla.

2010) the Oklahoma Supreme Court stated:

> Under Oklahoma law, the sheriff is the final policymaker for a county jail. The sheriff, and not the board, is responsible for medical care in Oklahoma. Also, the board of county commissioners is not liable under 42 U.S.C. § 1983 because the board has no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies.

*Id*. at 142 (footnoted citations omitted).

Likewise, in *Goss v. Board of County Com'rs of Creek County*, No. 13-CV-0374-CVE-TLW, 2014 WL 4983856 (N.D. Okla. Oct. 6, 2014) (unpub)[1], the U.S. District Court for the Northern District of Oklahoma granted summary judgment to the Board of County Commissioners of Creek County on the basis that the Board was not a proper party to the plaintiffs' § 1983 claims.

*Id*. at *6. In so holding, the court stated:

> The second amended complaint is completely devoid of any reference to the Board itself, its individual members, or its employees. Plaintiffs present no policies, customs, or other legal justifications, outside of their reference to Title 19, § 4, showing why the Board is responsible for the allegedly unconstitutional acts of Sheriff Davis, his deputies, or the jail officials in his employ. Thus, the Board is entitled to summary judgment on all of plaintiffs' claims under §1983.

*Id*.

Here, there are no factual allegations which affirmatively link any alleged act or omission by the Defendant Board to the alleged violation of Mr. Sawney's constitutional rights. There is no allegation that the Defendant Board was involved in the operation of the Sheriff's Office or the jail, that the Sheriff delegated any policy-making authority to the Defendant Board, or that the Board exercised any *de facto* policy-making authority with regard to the operation of the Sheriff's Office or the jail. Accordingly, Plaintiff simply cannot establish governmental liability against the Defendant Board under § 1983 and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Furthermore, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social*

---

[1] A copy of this unpublished opinion is attached as Exhibit 1.

10

*Services*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); s*ee also Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). As such, Plaintiff's § 1983 claims against the Defendant Board are entirely redundant and duplicative of the same claims against Defendant Sheriff Lane in his official capacity and should, thus, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Bowens v. Board of County Commissioners of Custer County, Oklahoma*, No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020)(unpub)("Plaintiff's claims against Sheriff Tidwell in his official capacity and those against Defendant Board are duplicative. Defendant Board's request for dismissal will be granted on this issue."); *see also Taylor v. Comanche County Facilities Authority* (Report and Recommendation in W.D. Okla. Case No. CIV-18-55-G, p. 2 n.2)(unpub)(internal quotations omitted) ("Naming both CCFA and Defendant Hobbs in his official capacity is redundant. A [section 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."); *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998); *Watson v. City of Kan. City*, 857 F.2d 690, 695 (10th Cir.1988); *Brashear v. Tulsa Cty. Bd. of Cty. Commissioners*, No. 15-CV-473-GKF-PJC, 2016 WL 633374, *5 (N.D. Okla. Feb. 17, 2016)(unpub)(internal quotations omitted)("As just mentioned, Brashear has named both the Board and Sheriff Glanz, in his official capacity, as defendants. The Board now moves for an order declaring that, for the purposes of plaintiff's § 1983 claims, it and Sheriff Glanz are one and the same defendant. In response, Brashear contends that the Board and the sheriff in his official capacity are both proper defendants under *Monell* and, thus, that the Board's request should be denied. The law on this issue is clear. Plaintiff's claims against the Board and the sheriff in his official capacity both equate to actions against Tulsa County.  In short, they are two ways of

11

pleading the same claim. The court, therefore, holds that the Board and Sheriff Glanz are one and the same defendant for the purposes of plaintiff's § 1983 claims").[2]

Plaintiffs have sued for federal constitutional violations both against the Defendant Board and Defendant Sheriff Lane in his official capacity. These are two ways to name the same Defendant, essentially the governmental entity. Such a tactic is unnecessary, duplicative, and redundant, and simply acts to complicate matters in this case. For these reasons, Plaintiffs' § 1983 claims against the Defendant Board should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**PROPOSITION IV:**

**Plaintiffs Have Failed to State a 42 U.S.C. § 1983 Claim**
**For Governmental Liability Which is Plausible On its Face**

Plaintiffs have asserted 42 U.S.C. § 1983 claims against the Defendants the Sequoyah County Criminal Justice Authority, the Board of County Commissioners of Sequoyah County, and Larry Lane, Sequoyah County Sheriff, in his official capacity, for discrimination and racial profiling against Mr. Sawney, and for alleged violations of Mr. Sawney's constitutional right of access to adequate medical care and excessive force against Mr. Sawney while he was detained in the Sequoyah County jail. However, the First Amended Complaint lacks sufficient non-conclusory factual allegations to state a facially plausible claim for such violations.

First and foremost, the First Amended Complaint is completely devoid of any non-conclusory allegations that either the Defendant Justice Authority, the Defendant Board, or the Defendant Sheriff were directly involved in the alleged traffic stop and arrest of Mr. Sawney, in the alleged use of force against Mr. Sawney, or in the alleged denial of medical care to Mr. Sawney. As such, Plaintiffs have failed to state a facially plausible claim for § 1983 governmental liability in that regard.

---

[2] Copies of these unpublished cases are attached as Exhibits 2-4.

In the absence of any allegation that the Defendant Justice Authority, the Defendant Board, or the Defendant Sheriff were directly involved in the alleged constitutional violations, the Plaintiffs must show an underlying violation of Mr. Sawney's constitutional rights by an agent, employee or officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office before governmental liability can be imposed against the Defendant Justice Authority, the Defendant Board, or the Defendant Sheriff in his official capacity. The Tenth Circuit Court of Appeals has held that "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1150 (10 Cir. 2020) (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). This is so "regardless of whether the municipality's policies might have 'authorized' such harm." *Hinton, supra*. (citing *City of Los Angeles v. Heller*, 475 U.S. 796, (1986)); s*ee also Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006) (a plaintiff suing a county under section 1983 for the actions of one of its officers must demonstrate that a governmental employee committed a constitutional violation); *Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001) (defendants' actions did not violate constitutional rights and could not have caused the county to be held liable based on their actions). However, Plaintiffs have failed to allege sufficient non-conclusory allegations of fact to make out a facially plausible claim for racial profiling, denial of medical care, or excessive force against any agent, employee, or officer of these Defendants.

> The requirements for a claim of racially selective law enforcement draw on what the Supreme Court has called "ordinary equal protection standards." [*United States v. Armstrong*, 517 U.S. 456, 465 (1996)] (quoting *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)). The plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose, *Armstrong*, 517 U.S. at 465, 116 S.Ct. 1480. These standards have been applied to traffic stops challenged on equal protection grounds. *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir.2001); *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 533–36 (6th Cir.2002). The discriminatory purpose need not be the only purpose, but it must be a

13

> motivating factor in the decision. *Villanueva v. Carere*, 85 F.3d 481, 485 (10th
> Cir.1996) (quoting *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*,
> 429 U.S. 252, 265–66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)).

*Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003). To prevail on a

racial discrimination/racial profiling claim, a plaintiff must show that he is a member of a protected

class, that the motivating factor in the officers' actions against him was his membership in that

protected class, and that the officers treated him differently than similarly-situated individual who

are not members of the protected class. *See United States v. Alcarez-Arellano*, 441 F.3d 1252, 1264

(10th Cir. 2006).

Here, Plaintiffs allege in conclusory fashion that "[t]he above described acts and/or

omissions by the SCSO and Jason Stone constitute racial discrimination and violates the

Fourteenth Amendment of the United States Constitution…" (Dkt. 4, ¶ 50). However, the First

Amended Complaint is completely devoid of any specific, non-conclusory factual allegations

which support this conclusory assertion. Aside from Plaintiffs' conclusory assertions (Dkt. 4, ¶¶

50-51), the First Amended Complaint is completely devoid of any other reference to Jason Stone

or any acts or omissions by him. Furthermore, the First Amended Complaint is completely devoid

of any factual allegation that would raise any reasonable inference that any agent, employee, or

officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office took

any action against Mr. Sawney which was motivated by Mr. Sawney's race. Indeed, the First

Amended Complaint does not even allege that Mr. Sawney was a member of a protected class.

Plaintiffs allege that an "eyewitness states Mr. Sawney was told he was stopped apparently for a

Native American beaded necklace hanging from his rearview mirror and the alleged violation of

an obstructed view." (Dkt. 4, ¶ 11). However, this allegation does not raise any reasonable

inference that Mr. Sawney was stopped due to his membership in any protected class, nor that he

was treated any differently from others who are not in a protected class. As Plaintiffs have failed to allege sufficient facts to state a plausible underlying § 1983 racial discrimination/racial profiling claim against any agent, employee, or officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office, their corresponding § 1983 governmental liability claim against the Defendant Justice Authority, the Defendant Board, and the Defendant Sheriff in his official capacity must necessarily fail as well.

A § 1983 claim alleging inadequate or delayed medical care involves "both an objective and subjective component, such that [the Court] must determine both whether the deprivation is sufficiently serious and whether the government official acted with a sufficiently culpable state of mind." *Oxendine v. R.G. Kaplan, M.D.*, 241 F.3d 1272, 1276 (10th Cir. 2001). As to the objective component, a medical need is considered sufficiently serious if a physician has diagnosed the condition and mandated treatment, or the condition is so obvious that even a lay person would easily recognize the medical necessity for a doctor's attention. *Id*. A plaintiff must further demonstrate that the defendant's failure to timely meet that objective medical need caused him to suffer substantial harm. *Id*. at 1276-77.

As to the subjective prong of this test, a plaintiff must establish that a defendant knew of a substantial risk of harm and failed to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  In that regard, a plaintiff must show that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the defendant actually drew that inference. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference is characterized by "obduracy and wantoness." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  "[A]n inadvertent failure to provide

medical care does not rise to a constitutional violation." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal quotations and citations omitted). The Tenth Circuit has held that a prison official acts "solely…as a gatekeeper to other medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if she delays or refuses to fulfill that gatekeeper role." *Mata*, 427 F.3d at 751 (internal quotations and citation omitted). Furthermore, in the absence of a reason to believe that medical personnel were mistreating or not treating the prisoner, non-medical prison personnel cannot be held liable for deliberate indifference to a prisoner's serious medical needs if the prisoner is under the care of prison medical personnel. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004).

Here, the First Amended Complaint is wholly devoid any specific non-conclusory allegation of fact which indicates that any agent, employee, or officer the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office was subjectively aware that Mr. Sawney was suffering from a substantial medical need, but failed to take any action to abate it. Plaintiffs allege that Mr. Sawney was "moved to a restraint chair where he apparently then 'appeared to be asleep.' It was only then that someone called 911." (Dkt. 4, ¶ 12). However, the First Amended Complaint is devoid of any allegations which indicate that any jail staff member subjectively realized that Mr. Sawney was suffering from a substantial medical need which required attention prior to 911 being called.

Plaintiffs allege that "[d]espite being in obvious physical distress, Mr. Sawney was left in the restraint chair." (Dkt. 4, ¶ 14). However, it is unclear from the complaint whether Mr. Sawney was allegedly left in the restraint chair before or after 911 was called. Regardless, Plaintiffs fail to set forth any specific, non-conclusory allegations of fact indicating what Mr. Sawney's symptoms were or how his alleged physical distress was obvious, indicating that any jail staff member was

16

actually aware of Mr. Sawney's physical distress, indicating that Mr. Sawney's alleged physical distress arose to the level of an obvious serious medical need, indicating that it was somehow detrimental to leave Mr. Sawney in the restraint chair, or indicating that any jail staff member was actually aware that it was detrimental to leave Mr. Sawney in the restraint chair. Plaintiffs' allegation in this regard is nothing more than a mere conclusory statement and a legal conclusion masquerading as a factual allegation and is, thus, not entitled to a presumption of truth. *Anspach*, 503 at 260; *Iqbal*, 129 S.Ct. at 1949-50.

Plaintiffs further assert:

Plaintiffs **believes** [*sic*] that the SCJ staff informed Ms. Nimal, or Jane Doe, of Turn Key of Mrs. [*sic*] Sawney's obvious medical distress. Then the SCJ staff and Ms. Nina or Jane Doe, failed to provide Mr. Sawney any medical care and/or failed to call emergency services to attend to his serious medical needs.

(Dkt. 4, ¶ 17, emphasis added). However, Plaintiffs' subjective belief in this regard is not an allegation of fact. Their stated belief is not supported by any specific, non-conclusory allegations of fact, nor is it a reasonable inference from any of Plaintiffs' other factual allegations. Furthermore, Plaintiffs do not assert that their belief in this regard is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery as required by Fed. R. Civ. P. 11(b)(3). Moreover, this allegation does not raise a reasonable inference that any jail staff or Turn Key staff were subjectively aware of a substantial risk of harm to Mr. Sawney or that Mr. Sawney was suffering from a serious medical need which required attention. Again, Plaintiffs fail to set forth any specific, non-conclusory allegations of fact indicating what Mr. Sawney's symptoms were or how his alleged medical distress was obvious. Thus, Plaintiffs' assertions regarding Mr. Sawney's alleged "obvious medical distress" and "serious medical needs" are nothing more than mere conclusory statements and legal conclusions masquerading as factual

17

allegations and are, thus, not entitled to a presumption of truth. *Anspach*, 503 at 260; *Iqbal*, 129 S.Ct. at 1949-50.

All in all, Plaintiffs have failed to allege sufficient non-conclusory factual allegations to state a facially plausible underlying § 1983 claim for denial of medical care against any agent, employee, or officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office. Consequently, Plaintiffs' corresponding § 1983 governmental liability claim against the Defendant Justice Authority, the Defendant Board, and the Defendant Sheriff in his official capacity must necessarily fail as well.

Finally, Plaintiffs have failed to alleged sufficient facts to state a facially plausible § 1983 excessive force claim against any agent, employee, or officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office. According to the First Amended Complaint, Plaintiff was a pretrial detainee at the time of the events giving rise to his case. (Dkt. 4, ¶ 11). As such, the standard enunciated in *Kinsgley v. Hendrickson*, 576 U.S. 389 (2015) applies to Plaintiffs' excessive force claim. *Kinsley* states:

> [A] pretrial detainee must show only that the force purposely or knowingly used against him was **objectively unreasonable**….A court (judge or jury) cannot apply this standard mechanically….Rather, objective reasonableness turns on the 'facts and circumstances of each particular case.' *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, **not with the 20/20 vision of hindsigh**t…A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately **deferring to 'policies and practices** that in th[e] **judgment' of jail officials** 'are needed to **preserve internal order** and discipline and to maintain institutional security.' *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

*Id.* at 396-97 (some internal citations omitted) (emphasis added). The *Graham* non-exhaustive factors are still potential, illustrative guideposts, not mandatory elements or considerations. *Id.*

Here, however, the First Amended Complaint is completely devoid of any allegations that any agent, employee, or officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office used excessive force against Mr. Sawney. Plaintiffs do allege that Mr. Sawney was placed in a restraint chair (Dkt. 4, ¶ 12) and that "[d]espite being in obvious physical distress, Mr. Sawney was left in the restraint chair." (Dkt. 4, ¶ 14). However, these allegations alone does not raise a reasonable inference that Mr. Sawney's placement in the restraint chair was objectively unreasonable. Again, it is unclear from the complaint whether Mr. Sawney was allegedly left in the restraint chair before or after 911 was called. Furthermore, as discussed above, Plaintiffs fail to set forth any specific, non-conclusory allegations of fact indicating what Mr. Sawney's symptoms were or how his alleged physical distress was obvious, indicating that any jail staff member was actually aware of Mr. Sawney's physical distress, indicating that Mr. Sawney's alleged physical distress arose to the level of an obvious serious medical need, indicating that it was somehow detrimental to leave Mr. Sawney in the restraint chair, or indicating that any jail staff member was actually aware that it was detrimental to leave Mr. Sawney in the restraint chair. Plaintiffs' allegations in this regard are nothing more than mere conclusory statements and legal conclusions masquerading as a factual allegations and are, thus, not entitled to a presumption of truth. *Anspach*, 503 at 260; *Iqbal*, 129 S.Ct. at 1949-50. Because Plaintiffs have failed to allege sufficient non-conclusory factual allegations to state a facially plausible underlying § 1983 excessive force claim against any agent, employee, or officer of the Justice Authority, Sequoyah County, or the Sequoyah County Sheriff's Office, their corresponding § 1983 governmental liability claim against the Defendant Justice Authority, the Defendant Board, and the Defendant Sheriff in his official capacity must necessarily fail as well.

19

Moreover, Plaintiffs' allegations regarding governmental policy and custom (Dkt. 4, ¶¶ 221-22, 49) are wholly conclusory and not supported by any specific, non-conclusory factual allegations and are, thus, insufficient to prevent dismissal. *Anspach*, 503 at 260; *Iqbal*, 129 S.Ct. at 1949-50.   Accordingly, for the above reasons, Plaintiffs have failed to state a § 1983 claim against the Defendant Justice Authority, the Defendant Board, or the Defendant Sheriff in his official capacity which is plausible on its face or which rises above a speculative level, and such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**PROPOSITION V:**

**Plaintiffs Have Failed to Comply With the Notice and
Filing Provisions of the Oklahoma Governmental Tort Claims Act**

Plaintiffs assert state law claims for negligence and wrongful death against the Defendants Justice Authority, the Board of County Commissioners, and Larry Lane, Sequoyah County Sheriff, in his official capacity. (Dkt. 4, pp. 11-12). Plaintiff's state law claims against these Defendants are governed by the Oklahoma Governmental Tort Claims Act ("OGTCA").[3] The OGTCA is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity for its torts and the torts of its employees. *Fuller v. Odom*, 741 P.2d 449, 451-53 (Okla. 1987); *see also* Okla. Stat. tit. 51, § 153(B).  In the OGTCA, Okla. Stat. tit. 51, § 152.1(A), the legislature adopted and reaffirmed sovereign immunity for the State, its political subdivisions,

---

[3] Oklahoma's wrongful death statute "...does not expand the scope of claims or the number of persons entitled to bring an action, but merely entitles someone to bring what the decedent could have brought himself." *Econ. Fire & Cas. Co. v. Faulkner*, 790 F. Supp. 1082, 1085 (W.D. Okla. 1991) *aff'd*, 951 F.2d 1258 (10th Cir. 1991). "Before there is liability under the wrongful death statute, the deceased must have had a right of recovery for the injury at the time of his death." *White v. Equity Fire & Cas. Co.*, 823 P.2d 953, 954 (Okla. Civ. App. 1991) (citing *Haws v. Luethje*, 503 P.2d 871, 874–75 (Okla.1972)). Thus, whether or not Plaintiffs have a viable claim against these Defendants under Oklahoma's wrongful death statute depends entirely upon whether or not Mr. Sawney would have had an otherwise viable underlying claim against these Defendants under the OGTCA.

20

and all employees acting within the scope of their employment. This immunity is subject to a limited waiver to the extent and the manner specifically provided for by the provisions of the other sections of the OGTCA. Okla. Stat. tit. 51, § 152.1(B); *see also Salazar v. City of Oklahoma City*, 976 P.2d 1056, 1066 (Okla. 1999). The Defendants Justice Authority and Board are political subdivisions under the OGTCA. *See* Okla. Stat. tit. 51, § 152(11)(c) and (d).[4] Accordingly, the Defendants Justice Authority, Board, and Sheriff Lane in his official capacity may be liable for their torts or the torts of their employees in situations where private persons or entities would also be liable under state law. *Salazar*, at 1066.

In order to be entitled to obtain relief with regard to any tort claims asserted against the state or a political subdivision thereof, a plaintiff must first comply with the notice provisions of the OGTCA. In this regard, § 156 of the OGTCA states that a claim against a political subdivision shall be in writing and filed with the office of the clerk of the governing body. The OGTCA further requires that the notice of tort claim be filed within one year of the date of loss or the claim will be forever barred. Okla. Stat. tit. 51, § 156(B). Such a written tort notice is required before a lawsuit may be filed. In this regard, Okla. Stat. tit. 51, § 157(A) of the OGTCA provides that a person may not initiate a suit against a political subdivision unless the claim has been denied in whole or in part by the political subdivision sought to be sued. Specifically, § 157 states, in pertinent part:

> A.      A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days**,** unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to

---

[4] While Sheriff Lane is his official capacity is a proper party to Plaintiffs' state law claims (*see* Okla. Stat. tit. 19, §§ 4 and 161), Plaintiffs' state law claims against him in his official capacity are wholly duplicative of the same claims against the Defendants Justice Authority and Board as discussed in Proposition III above. As such, Plaintiffs' state law claims against Sheriff Lane in his official capacity should be dismissed.

the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval...

B.    No action for any cause arising under this act**,** Section 151 et seq. of this title**,** shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section...

Indeed, "compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government." *Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996) (citing *Cruse v. Atoka County Board of Commissioners*, 910 P.2d 998 (Okla. 1995)).

Here, the First Amended Complaint is devoid of any allegation indicating that the Plaintiffs first complied with the OGTCA's notice provision prior to filing suit herein. As such, Plaintiffs have failed to state any state law claims against the Defendants which are plausible on the face of the complaint. *See Girdner v. Bd. of Comm'rs*, 227 P.3d 1111, 1114-1116 (Okla. Civ. App. 2009) (failure to plead compliance with OGCTA's notice provision subjects OGTCA suit to dismissal). Moreover, it is clear from the face of the First Amended Complaint that Plaintiffs have not complied with the notice and filing provisions of the OGTCA. Here, the alleged state law claims accrued on March 20-21, 2019. (Dkt. 4, ¶¶ 11-15). Assuming that Plaintiffs submitted a notice of tort claim at the last possible timely date (March 23, 2020), they would have until December 21, 2020 at the very latest in which to bring their state law torts pursuant to the notice and filing provisions of the OGTCA, Okla. Stat. tit. 51, § 157(A) and (B). However the original Complaint in this matter was not filed until March 17, 2021 (Dkt. 2) and Plaintiff Josiah J. Sawney's state law claims against the Defendant were not asserted until the filing of the First Amended Complaint on

April 28, 2021 (Dkt. 4). Furthermore, it is now too late for Plaintiffs to comply with the OGTCA's notice and filing provisions. Due to Plaintiffs' failure to comply with those statutory requirements, their state law claims against the Defendants are untimely and this Court is without subject matter jurisdiction to consider same. Accordingly, Plaintiffs' state law claims should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**PROPOSITION VI:**

**The Defendants Justice Authority, Board, and**
**Sheriff are Immune from Suit for Plaintiff's State Law Claims**

As set forth above, Plaintiffs' state law claims are governed by the OGTCA. However, the OGTCA preserves certain limitations and exemptions from its general waiver of liability. *See Salazar, supra.; see also* Okla. Stat. tit. 51, § 155. In other words, the state and its political subdivisions do not always consent to suit, but rather retain their essential sovereign immunity in certain cases.

Here, Okla. Stat. tit. 51, § 155(25) of the OGTCA provides complete tort immunity for losses resulting from the "Provision, equipping, operation or maintenance of any prison, jail or correctional facility…" "The exemption from tort liability as provided in Section [155(25)] is all inclusive for tort claims." *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. Ct. App. 2000) (citing *Medina v. State*, 871 P.2d 1379 (Okla. 1993); *see also Horton v. State*, 915 P.2d 352, 354 (Okla. 1996) (noting that the state and its political subdivisions are "immune from tort liability to inmates . . . for the infinite numbers of activities that are involved in prison operations"). According to *Medina*, *supra*., and its progeny, the exemption applies to preserve sovereign immunity against virtually any loss or injury, whether to an inmate or other person, resulting from virtually any act undertaken in the operation of a jail. For example, in *Medina*, the Oklahoma Supreme Court found:

> Reading the three clauses of [§ 155(25)] together reveals an intent to withhold the waiver of sovereign immunity for any loss or injury, whether to an inmate or other person, resulting from the operational level acts required to furnish the services of a penal institution, including the construction and repair of the facility; the security of the facility; the employment of personnel; the utilities and furnishings of the facility; the food, clothing, items for hygiene and other basic personal items needed by inmates or other persons; the educational, rehabilitative, communicational, recreational and **medical and health services** or any other service provided for inmates or other persons; the assignment of an inmate to a facility or a cell; and the release of an inmate; with the single exception of loss to persons not in custody caused by an accident involving a motor vehicle operated by the Department of Corrections.

*Medina*, 871 P.2d at 1384, n.13 (emphasis added); *see also Purvey v. State*, 905 P.2d 770 (Okla. 1995); *State v. Burris*, 894 P.2d 1122 (Okla. 1995). Indeed, in *Redding v. State*, 882 P.2d 61 (Okla. 1994), the Oklahoma Supreme Court, in discussing the scope of its holding in *Medina*, expressly held that the "legislative intent of [§ 155(25)] is to protect the state from liability for loss resulting from any and all actions of officers and employees of a penal institution." Id. at 63 (emphasis added).

Here, Plaintiffs' state law claims relate solely to the provision of medical care to Mr. Sawney and, thus, arise in the context of the operation of the jail as contemplated by *Medina* and its progeny. (*See* Dkt. 4, pp. 11-12). As such, § 155(25) applies and the Defendants Justice Authority, Board, and Sheriff Lane in his official capacity are immune from suit for Plaintiffs' state law claims, and said claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## COMPLIANCE WITH LOCAL RULE 7.1(O)

Defendants contend that further amendment to the First Amended Complaint would be futile as to Plaintiffs' claims against them in this case. First, Plaintiffs Francisca N. Martinez, individually, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney lack standing to prosecute the 42 U.S.C. § 1983 and state law claims against the Defendants, and Plaintiff Josiah J. Sawney's § 1983 and state law claims against the Defendants are untimely and are barred by the

applicable statutes of limitations. Additionally, the Defendants Sequoyah County Jail and the Sequoyah County Sheriff's Department are simply not legal entities subject to suit under Oklahoma law. As to Plaintiffs' state law claims, the Court is without subject matter jurisdiction over said claims against the Defendants Justice Authority, Board, the Sheriff in his official capacity due to Plaintiffs' failure to comply with the notice and filing provisions of the OGTCA, and it is now too late for Plaintiffs to comply with those statutory, pre-suit requirements.  Regardless, these Defendants are immune from suit for Plaintiffs' state law claims under the terms of the OGTCA. Finally, with regard to Plaintiff's 42 U.S.C. § 1983 claims, said claims against the Defendant Board should be dismissed as they are unnecessarily duplicative of the § 1983 claims against the Defendant Sheriff in his official capacity. Furthermore, the First Amended Complaint lacks sufficient non-conclusory allegations to make out a § 1983 claim for racial profiling, denial of medical care, or excessive force against the Defendants Justice Authority, Board, or the Sheriff in his official capacity which is plausible on its face or which rises above a speculative level. The Defendants further contend that Plaintiffs cannot truthfully amend their factual allegations in good faith under Fed. R. Civ. P. 11(b)(3) to make out any such plausible claim. As such, the defects of the Plaintiffs' First Amended Complaint set forth herein cannot possibly be cured by any good faith amendment.

WHEREFORE, premises considered, Defendants Sequoyah County Criminal Justice Authority; Sequoyah County Jail; Board of County Commissioners of Sequoyah County, Oklahoma; Larry Lane, Sequoyah County Sheriff, in his official capacity; and Sequoyah County Sheriff's Department respectfully request the Court to grant this Motion and to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ Jamison C. Whitson
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: jcw@czwlaw.com

*Attorney for Defendants Sequoyah County*
*Criminal Justice Authority; Sequoyah*
*County Jail; Board of County*
*Commissioners of Sequoyah County,*
*Oklahoma; Larry Lane, Sequoyah County*
*Sheriff, in his official capacity; and*
*Sequoyah County Sheriff's Department*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Josh Hutchins
JOSH HUTCHINS LAW
215 W. Shawnee
Tahlequah, OK 74464
Email:  josh@joshhutchinslaw.com
*Attorney for Plaintiffs*

s/ Jamison C. Whitson
Jamison C. Whitson