**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FRANCISCA N. MARTINEZ, individually and in her official capacity as Personal Representative of the Estate of JOSIAH C. SAWNEY, deceased; *et al.*, <br><br>                Plaintiffs, <br><br> v. <br><br> SEQUOYAH COUNTY CRIMINAL JUSTICE AUTHORITY; *et al.*, <br><br>                Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. CIV-21-84-TDD |

## ORDER

Before the Court are five motions to dismiss. The first is a motion filed by Defendants Sequoyah County Criminal Justice Authority, Sequoyah County Jail, Board of County Commissioners of Sequoyah County, Larry Lane, Sequoyah County Sheriff, in his official capacity, and Sequoyah County Sheriff's Department under Fed. R. Civ. P. 12(b)(1) and (6) [Doc. No. 12]. The second is a motion filed by Defendant Sheriff Larry Lane, in his individual capacity, under Rule 12(b)(6) [Doc. No. 11]. The third is a motion filed by Defendant Jason Stone, in his individual capacity, under Rule 12(b)(6) [Doc. No. 10]. The fourth is a motion filed by Defendant Turn Key Health Clinics, LLC under Rules 12(b)(1), (5), and (6) [Doc. No. 17]. The fifth is a motion filed by Defendant Julie Nimal under Rules 12(b)(1), (5), and (6) [Doc. No. 18].

Plaintiffs filed responses to each motion [Doc. Nos. 28, 23, 26, 22, and 24], and Defendants filed replies [Doc. Nos. 32, 31, 30, 33, and 34]. These matters are fully briefed and at issue.

## BACKGROUND

Josiah C. Sawney was arrested on the evening of March 20, 2019. Police brought him to the Sequoyah County Jail in Sallisaw, Oklahoma. While he was being booked into the jail, Mr. Sawney indicated he was experiencing suicidal thoughts, so he was placed in an observation cell for suicide watch. The following morning, Mr. Sawney became agitated and jail staff decided to place him in a restraint chair.

Turn Key was hired by Sequoyah County to provide medical care to detainees at the jail. Plaintiffs allege that Julie Nimal, a Turn Key employee, was the nurse on duty at the jail during Mr. Sawney's detainment. Plaintiffs further allege Mr. Sawney refused to take a drug test and told Nimal that he had recently consumed an energy drink. While in the restraint chair, Mr. Sawney became unconscious. Jail staff then called for an ambulance, and Mr. Sawney was transferred to a local hospital, where he died of methamphetamine toxicity. Hospital staff found a plastic bag containing methamphetamine in the contents of his stomach.

Plaintiff Francisca Martinez, in her individual capacity and in her capacity as personal representative of Mr. Sawney's estate, along with Mr. Sawney's children, Josiah Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney, sued multiple defendants, including ten unnamed defendants, alleging violations of Mr. Sawney's rights under the United States Constitution and under state law. They brought claims for excessive force,

denial of adequate medical care, and racial discrimination under 42 U.S.C. § 1983, and they brought state law claims for wrongful death and negligence.

## STANDARD OF DECISION

### I.     Rule 12(b)(1)

Standing is a threshold requirement in every federal case. *Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1111 (10th Cir. 2002). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* Federal courts are courts of limited jurisdiction; they can exercise jurisdiction only when specifically authorized to do so. *Castenda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994).

### II.    Rule 12(b)(5)

A motion under Fed. R. Civ. P. 12(b)(5) challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Craig v. City of Hobart*, No. CIV-09-0053-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010). Once a defendant makes a Rule 12(b)(5) motion, "plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements." *Id.* "'The parties may submit affidavits and

other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt.'" *Id.* (citation omitted).

### III. Rule 12(b)(6)

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the complaint, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## DISCUSSION

**I.    The Court lacks personal jurisdiction over Defendants Turn Key Health Clinics, LLC and Julie Nimal because no summons were issued in this matter.**

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Even when a defendant, otherwise, would be subject to the court's jurisdiction, service of summons is a procedural prerequisite for a federal court to exercise personal jurisdiction. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Id.* (alterations omitted). "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).

The clerk of court issued no summons in this matter. Defendants Turn Key and Nimal argue that Plaintiff's failure to serve summons with the complaint precludes the Court from exercising personal jurisdiction over them. Since Defendants moved to dismiss for insufficient process under Rule 12(b)(5), it is plaintiffs' burden to demonstrate that they complied with all statutory and due process requirements. Plaintiffs offer no explanation or argument that would excuse their failure to serve summons upon these defendants.

Therefore, they have not carried their burden, and the Court finds that it lacks personal jurisdiction over Defendants Turn Key and Nimal.[1]

## II. Only Francisca Martinez, in her capacity as personal representative of Mr. Sawney's estate, has standing to bring the § 1983 claims in the First Amended Complaint.

A § 1983 action is a personal suit; "[i]t does not accrue to a relative." *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). The federal remedy applied in a § 1983 case arising out of a person's death is a "survival action, brought by the estate of the deceased victim" because "liability is 'to the party injured.'" *Berry v. City of Muskogee*, 900 F.2d 1489, 1506–07 (10th Cir. 1990) (quoting 42 U.S.C. § 1983).

Therefore, the only plaintiff who may bring a § 1983 claim in this matter is Francisca Martinez, in her capacity as personal representative of Mr. Sawney's estate. The Court finds that Ms. Martinez, in her individual capacity, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney lack standing to bring the § 1983 claims in the First Amended Complaint. The § 1983 claims of these plaintiffs are, therefore, dismissed.

The Court will proceed to analyze the § 1983 claims brought by Francisca Martinez, in her capacity as personal representative of Mr. Sawney's estate.

---

[1] Summons were not issued for the claims against any other defendant in this matter. But only Turn Key and Nimal raised the issue of insufficient process. Therefore, all other defendants have waived this defense under Rule 12(h).

**III.    Plaintiff's § 1983 claims against Defendants Sequoyah County Jail and Sequoyah County Sheriff's Department should be dismissed because they are not proper defendants for these claims.**

A noncorporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b)(3). In Oklahoma, each organized county can sue and be sued. OKLA. STAT. tit. 19, § 1(1). The authority of each county is exercised by its board of county commissioners, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. OKLA. STAT. tit. 19, §§ 3, 4.

Because the Sequoyah County Jail and the Sequoyah County Sheriff's Department do not have legal identities separate from that of Sequoyah County, they are not suable entities and are not proper defendants in a civil rights action. *See Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. 2007) (unpublished) (affirming dismissal of § 1983 claims against police departments and a county sheriff's department, noting that defendants were "not legally suable entities"); *Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. 1997) (unpublished) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a § 1983 action"); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) (affirming dismissal of a county detention facility on the basis that "a detention facility is not a person or legally created entity capable of being sued").

Accordingly, Plaintiff's claims against the Sequoyah County Jail and the Sequoyah County Sheriff's Department should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### IV. Plaintiff's § 1983 claims against Defendant Board of County Commissioners of Sequoyah County should be dismissed because they are duplicative.

Defendants argue that since Plaintiff asserted § 1983 claims against Sheriff Lane, in his official capacity, to establish municipal liability, claims against the Board of Commissioners are duplicative and unnecessary. The Court agrees.

To establish municipal liability for the actions of a municipal official in a § 1983 action, a plaintiff must show the "official possesses final policymaking authority to establish municipal policy with respect to acts in question." *Houston v. Reich*, 932 F.2d 883, 887 (10th Cir.1991) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)). "Put another way, for a local government unit such as the Board to be liable for violating § 1983, that unit's allegedly unconstitutional act (or the act of the defendant in his or her official capacity) must execute 'a government's policy or custom.'" *Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)).

Under Oklahoma law, a sheriff is the final policymaker "responsible for the proper management of the jail in his county and the conduct of his deputies." *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). The only way the Board could be held liable for Plaintiff's § 1983 claims is if there were a direct causal link between its actions and the alleged deprivation of Mr. Sawney's rights. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

Plaintiff does not allege that the Board was involved in the operation of the jail or that the Board undertook responsibility for hiring or supervising jail staff. "[A]ctions for

alleged failure to properly manage a jail and/or jail staff should be brought against the sheriff of the county rather than the board." *Bowens v. Bd. of Cnty. Commissioners*, No. CIV-19-314-C, 2020 WL 2892670, at *2 (W.D. Okla. June 2, 2020). The claims against Defendant Board are thus duplicative, and the Court finds that Plaintiff's § 1983 claims against the Board should be dismissed.

### V. The First Amended Complaint lacks sufficient factual allegations to state § 1983 claims for which relief may be granted.

Defendants argue that Plaintiff's § 1983 claims for excessive force, denial of adequate medical care, and racial discrimination should be dismissed. First, they argue that Plaintiff's First Amended Complaint does not set forth plausible § 1983 claims for individual liability against any Defendant. Second, they argue that since Plaintiff failed to sufficiently plead § 1983 claims for individual liability, she, consequently, failed to plead a plausible claim for municipal liability.

"Because § 1983 . . . [is a] vehicle[] for imposing personal liability on government officials, [the Tenth Circuit] ha[s] stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Id.* at 1226 (emphasis in original). "The same particularized approach applies with full force when a plaintiff proceeds under a theory of supervisory liability." *Id.* A plaintiff "must . . . identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Id.*

9

### A. Individual Liability

Title 42 U.S.C. § 1983 provides that "every person" acting "under the color of law" to deprive an individual of their "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the person injured. Plaintiff brings three § 1983 claims against Lane and Stone, in their individual capacities: (1) excessive force, (2) denial of adequate medical care, and (3) racial discrimination.[2] Defendants argue that Plaintiff failed to assert sufficient factual allegations to support plausible § 1983 claims.

#### 1. Excessive Force

The Fourteenth Amendment's Due Process Clause governs claims of excessive force brought by a pretrial detainee. To succeed on an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Whether a defendant's actions were objectively unreasonable "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff must allege facts tending to show that officers acted maliciously with the intent to harm Mr. Sawney. *See Whitley v. Albers*, 475 U.S. 312, 320–321 (1986).

Here, Plaintiff does not allege who participated in the force against Mr. Sawney. It is also unclear from the First Amended Complaint what particular use of force Plaintiff alleges was excessive. Without specific factual allegations covering these basic facts, the

---

[2] Plaintiff also joins Defendant Nimal in her denial of medical care claim. The Court finds that even if it had personal jurisdiction over Nimal, it would have to dismiss the § 1983 claims against her for failure to state a claim for which relief may be granted.

Court cannot draw a reasonable inference that any individual acted in an objectively unreasonable manner with the malicious intent to harm Mr. Sawney.

### 2. Denial of Adequate Medical Care

The Fourteenth Amendment's Due Process Clause affords a pretrial detainee protection against deliberate indifference to a substantial risk of serious harm. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Burke v. Regalado*, 935 F.3d 960, 991–92 (10th Cir. 2019); *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 2018). The "[d]eliberate indifference [standard] has objective and subjective components." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met if the "harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To satisfy the subjective component, Plaintiff must show the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). "The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata*, 427 F.3d at 753).

Here, Plaintiff's allegations are sufficient to meet the objective component because death is sufficiently serious to implicate the Fourteenth Amendment. *See Martinez*, 563

F.3d at 1088. Plaintiff, however, failed to set forth factual allegations that, if taken as true, demonstrate that any jail official or employee or any Turn Key employee, including Nimal, was subjectively aware of the health risks Mr. Sawney faced. Plaintiff alleges Mr. Sawney told Nimal he recently consumed an energy drink and that Mr. Sawney refused to take a drug test. But Plaintiff does not allege that any individual knew Mr. Sawney ingested the plastic bag containing methamphetamine. The only symptoms Plaintiff alleges Mr. Sawney presented were that he displayed "altered mental status and was becoming agitated" and that he "appeared to sleep" while he was in the restraint chair. [Doc. No. 4 at p. 6, ¶ 12]. The few factual allegations asserted by Plaintiff, without more, are insufficient to allow for a reasonable inference that any individual at the jail knew of, and disregarded, the risk to Mr. Sawney's health. Plaintiff has thus failed to meet the subjective component of the deliberate indifference standard.

### 3. Racial Discrimination

The "Constitution prohibits selective enforcement of the law based on considerations such as race." *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1263 (10th Cir. 2006) (quoting *Whren v. United States*, 517 U.S. 806 (1996)). "In order to state a claim based on the Equal Protection Clause, plaintiff must sufficiently allege that defendants were motivated by racial animus." *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989).

Here, Plaintiff does not allege that either Sherriff Lane or Stone personally participated in the alleged racial discrimination. Although Plaintiff alleges that Mr. Sawney was pulled over by police for having a Native American bead necklace on his rear-view

mirror and that the Sequoyah County Sherriff's Office has a history of racially profiling Native Americans, Plaintiff never alleges that Mr. Sawney was Native American. Further, Plaintiff does not allege any discriminatory purpose or racial animus that motivated the traffic stop or the force used against Mr. Sawney. These deficiencies preclude a reasonable inference that any individual racially discriminated against Mr. Sawney. Plaintiff has failed to state a racial discrimination claim.

Plaintiff has failed to "make clear exactly *who* is alleged to have done *what* to *whom*." *See Robbins*, 519 F.3d at 1249–50. She has failed to plead sufficient facts to show Defendants violated Mr. Sawney's statutory or constitutional rights. Her § 1983 claims for individual liability against Defendants Stone and Lane, therefore, must be dismissed. Further, her § 1983 claims for supervisory liability against Sherriff Lane must also be dismissed. *Doe v. Woodard*, 912 F.3d 1278, 1290 (10th Cir. 2019) ("Supervisors cannot be liable under § 1983 where there is no underlying violation of a constitutional right by a supervisee.").

Based upon the deficiencies in the First Amended Complaint, the Court also concludes Plaintiff has failed to state plausible § 1983 claims for relief against the unnamed defendants in their individual capacities. Therefore, the Court finds the § 1983 claims for individual liability against John and Jane Does I through X should be dismissed.

Since the Court finds Plaintiff has failed to state a valid claim showing a deprivation of Mr. Sawney's constitutional rights, the Court need not reach the issue of qualified immunity. *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995).

### B. Municipal Liability

The Sequoyah County Defendants argue that Plaintiff's claims of excessive force, denial of adequate medical care, and racial discrimination and profiling against the Criminal Justice Authority and Sheriff Lane, in his official capacity, should also be dismissed.[3]

Under § 1983, municipalities can be subject to liability if a municipal "policy or custom" caused an underlying constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978). However, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). In order for a plaintiff to establish a § 1983 claim for municipal liability she must establish (1) the existence of a municipal policy or custom; and (2) a direct causal connection between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

But here, since the Court has found that Plaintiff's First Amended Complaint fails to plausibly plead deprivations of Mr. Sawney's constitutional rights by any individual, the Court must, necessarily, find that Plaintiff's § 1983 municipal liability claims fail. Because Plaintiff has failed to plausibly plead a violation of Mr. Sawney's constitutional rights by individual officers, the Court cannot hold the Sequoyah County Defendants liable for any alleged policy or custom related to a purported violation.

---

[3] Plaintiff also asserted claims for municipal liability against Defendant Turn Key. The Court finds that even if it had personal jurisdiction over Turn Key, it would have to dismiss the § 1983 claims against it for failure to state a claim for which relief may be granted.

Based upon the deficiencies in the First Amended Complaint, the Court also concludes Plaintiff has failed to state plausible § 1983 claims for relief against the unnamed defendants in their official capacities. Therefore, the Court finds the § 1983 claims for municipal or supervisory liability against John and Jane Does I through X should be dismissed. Thus, the Court must dismiss all of Plaintiff's § 1983 claims.

### VI. Since all federal claims in this matter are dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims.

Beyond the § 1983 claims, Plaintiffs bring claims for negligence and wrongful death under Oklahoma law against Defendants. Since all federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.[4] Thus, the Court dismisses the state law claims without prejudice. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1232 (10th Cir. 2020) (noting the "regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C. § 1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction).

---

[4] All defendants in this matter are citizens of Oklahoma. According to an order issued by the Oklahoma District Court for Adair County (attached to the original complaint and referenced in the First Amended Complaint as "exhibit A"), Mr. Sawney was a resident of Adair County, Oklahoma at the time of his death. Under 28 U.S.C. § 1332(c)(2), the legal representative of a decedent's estate is deemed a citizen of the same state as the decedent. All parties are thus citizens of Oklahoma. Therefore, there is no basis for diversity jurisdiction in this matter.

As such, the Court does not address the parties' arguments related to the Oklahoma Governmental Tort Claims Act or to any state law immunity.

Although the Court makes no determination on the merits of Plaintiffs' state law claims, it must address inaccurate arguments made by Plaintiffs' counsel. Plaintiffs' counsel represented to the Court that the Oklahoma Supreme Court has vacated *Salazar v. City of Oklahoma City*, 976 P.2d 1056 (Okla. 1999) and has overruled *Gibson v. Copeland*, 13 P.3d 989 (Okla. Civ. App. 2000). Counsel supported neither contention with a citation to authority, probably because none exists. The Oklahoma Supreme Court has not vacated *Salazar* and it has never cited *Gibson* in a published decision. Plaintiff counsel's representations that these cases no longer remain good law are, as counsel would say, "misguided at best," and perhaps much worse. [5]

## VII.   Leave to Amend

The Court finds that Plaintiff's action against Defendants should be dismissed. Although Plaintiff requested leave to further amend the First Amended Complaint as an alternative form of relief in her response briefs, Plaintiff has not requested, by motion, leave to amend the complaint. "Such cursory requests for leave to amend are insufficient." *Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012) (unpublished) (citing *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989). The Court finds

---

[5] Under Fed. R. Civ. P. 11(b), legal contentions must be "warranted by existing law or by a nonfrivolous argument for" a change in law.

that Plaintiffs need not be granted leave to further amend the First Amended Complaint at this time.[6]

## CONCLUSION

For the foregoing reasons, the motions to dismiss [Doc. Nos. 10, 11, 12, 17, and 18] are **GRANTED**. A judgment shall be entered in favor of Defendants and against Plaintiffs.

**IT IS THEREFORE ORDERED** that the claims against Defendants Turn Key Health Clinics, LLC and Julie Nimal are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that § 1983 claims asserted by Plaintiffs Francisca Martinez, in her individual capacity, Josiah J. Sawney, Angelo Sawney, Frankie Sawney, and Logan Sawney are **DISMISSED** for lack of standing.

**IT IS FURTHER ORDERED** that the § 1983 claims asserted against Defendants Sequoyah County Jail and Sequoyah County Sherriff's Department are **DISMISSED** because they are improper defendants for Plaintiff's 1983 claims.

**IT IS FURTHER ORDERED** that the § 1983 claims asserted against Defendant Board of County Commissioners of Sequoyah County are **DISMISSED** because the claims are duplicative.

---

[6] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013). A district court may properly require a plaintiff to file a motion that complies with Fed. R. Civ. P. 15(a) and LCvR15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (finding that plaintiff "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment").

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims for negligence and wrongful death; they are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 3rd day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE